# United States Court of Appeals
# for the Fifth Circuit

No. 22-10746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2023

Lyle W. Cayce
Clerk

Linda Byrd,

*Plaintiff—Appellant*,

*versus*

Clay County, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CV-27

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

This case arises under the Family and Medical Leave Act ("FMLA"). The district court granted summary judgment to the defendant. We affirm.

On November 3, 2020, Jeff Lyde was elected Sheriff of Clay County, Texas. Following his election, Lyde made personnel decisions for his upcoming administration. He decided to replace many incumbent

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

supervisors within the Clay County Sheriff's Office. Since he hoped employees who might quit during his tenure would offer "the courtesy of two weeks' notice," Lyde decided to offer that same courtesy in return. He individually emailed to-be-terminated employees on November 16, 2020, and advised them that their employment would end on November 30, when he assumed office.

Linda Byrd was one such employee. At 10:57 AM on November 16, 2020, she received an email from Lyde advising her of her upcoming termination. Byrd denies ever seeing the email. In any event, at some unknown time on that same November 16, Byrd inquired with the County about the possibility of receiving leave pursuant to the Family and Medical Leave Act of 1993. *See* 29 U.S.C. §§ 2601 *et seq.* Byrd received paperwork from the County on November 18 and completed her leave application on November 25, 2020. A Clay County employee outside the Sherriff's Office, apparently unaware of plans to terminate Byrd, granted Byrd's request for leave. Byrd's leave concluded in January 2021, and the County declined to reinstate her.

Byrd sued Clay County under the FMLA. *See* 29 U.S.C. § 2615 and § 2617 (creating a cause of action). A plaintiff may bring an FMLA claim when, *inter alia*, a defendant "interfer[es] with, restrain[s], or den[ies]" the plaintiff's "exercise of FMLA rights." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Subject to various limitations, those rights include reinstatement after return from leave. *See* 29 U.S.C. § 2614(a)(1). Byrd contends that the County should have offered her employment upon the conclusion of her leave in January 2021.

Under the FMLA, however, employees may not claim "any right, benefit or position of employment" that they would not "have been entitled [to] had the employee not taken the leave." *See* 29 U.S.C. § 2614(a)(3)(B).

Relying on this section, we have held that an FMLA plaintiff "must actually be entitled to the position to which he seeks reinstatement." *Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 682 (5th Cir. 2013). That means "denying reinstatement to an employee whose right to restored employment *had already been extinguished* . . . does not violate the Act." *Ibid* (emphasis original). So, when a plaintiff's position "would have been lawfully terminated had she not taken leave," she cannot prove an FMLA interference claim. *Amedee v. Shell Chemical LP*, 953 F.3d 831, 836 (5th Cir. 2020). In other words, "[e]mployees cannot immunize themselves from legitimate termination by taking FMLA leave." *Id.*

To defeat Clay County's summary judgment motion, Byrd must show the existence of a "genuine dispute" of "material fact." *See* Fed. R. Civ. P. 56(a). The term "material fact" includes *only* those facts which could "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The record makes indisputably clear that had Byrd not taken leave, she would have been terminated on November 30, 2020. Unless challenged, that factual proposition alone disposes of Byrd's FMLA claim. *See Amedee*, 953 F.3d at 836. Since none of the alleged disputes of fact cited by Byrd in this appeal disturb the idea that Byrd's termination was imminent when she sought leave, none of her proffered disputes could affect the outcome of the suit. Accordingly, none are "material" for the purposes of Rule 56. *See Anderson*, 477 U.S. at 248. For example, Byrd argues that Lyde lacked authority to terminate her on November 16, 2020, because at that time he was but Sheriff-Elect, not Sheriff. Byrd's argument is immaterial, because no view of Lyde's position on November 16, 2020, could change the fact that he could lawfully terminate Byrd when he planned to do so, on November 30, 2020. Byrd also contends that a dispute exists over whether she saw Lyde's November 16, 2020 email. But it does not matter whether Byrd knew that her

job was ending when she applied for leave; it matters only that her job was in fact was ending.

Our precedents make plain that since Byrd would not have stayed employed in the absence of FMLA leave, she cannot now make claims based on the County's failure to reinstate her. *See Shirley*, 726 F.3d at 682.

AFFIRMED.